IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN BUNCE, on behalf of himself and all other similarly situated,<br>          Plaintiffs,<br>v.<br>LINCOLN NATIONAL LIFE INSURANCE COMPANY<br>          Defendant. | CLASS ACTION COMPLAINT<br><br>Case No. |

## CLASS ACTION COMPLAINT

Now comes the Plaintiff, JOHN BUNCE ("Plaintiff"), on behalf of himself and all others similarly situated, by his attorneys, and complaining against the Defendant, LINCOLN NATIONAL LIFE INSURANCE COMPANY ("Lincoln National" or "Defendant"), states as follows:

*Introduction*

1. Defendant Lincoln National Life Insurance Company ("Lincoln National") is in the business of insuring and/or administering group life and accidental death and dismemberment ("AD&D") insurance policies within the meaning of 29 U.S.C. § 2560.503-1(m) (both fully insured and self-insured), that are employer-sponsored and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq.* ("Lincoln National Plan(s)").

2. Plaintiff brings this action to address Lincoln National's practice of improperly excluding claims made by participants (or beneficiaries of participants)

under Lincoln National plans issued from California or otherwise subject to California law. As set forth below, Lincoln National Plans regularly contain claim exclusions which fail to conform with California state insurance law, and Lincoln National consistently and illegally denies otherwise valid benefit claims under those non-conforming claim exclusions.

3. Lincoln National's pattern and practice of behavior described herein, including its failure to follow California state law and its resulting denial of otherwise valid life and AD&D benefit claims, constitutes a breach of its fiduciary duties owed under ERISA.

4. In order to remedy Lincoln National's breach of fiduciary duty and other ERISA violations, Plaintiffs bring class claims against Lincoln National under ERISA §§ 502(a)(1)(B), 502(a)(3)(A), and 502(a)(3)(B) (29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3)(A) and 1132(a)(3)(B)). Through this action, Plaintiffs seek appropriate equitable and injunctive relief under ERISA to compel Lincoln National to change its policies and practices so as to comply with its fiduciary obligations and to administer its plans in a manner consistent with California state law.

*Jurisdiction and Venue*

5. Jurisdiction of this Court is based upon ERISA §§ 502(e) and (f) (29 U.S.C. §§ 1132(e) and (f)). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of employee welfare benefit plans; which, in this case, involves policy number SA3-890-LF0124-01, issued, administered, and underwritten by Lincoln National to Sonder USA, Inc for the

2

benefit of its employees and all other Lincoln National Plans subject to California state law.

6. This action may additionally be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

7. The ERISA statute provides, at ERISA § 503 (29 U.S.C. § 1133), a mechanism for administrative or internal appeals of benefit denials and terminations. Those avenues of appeal have been exhausted by Plaintiff.

8. Venue is proper in the Northern District of Illinois pursuant to ERISA § 502(e)(2), (29 U.S.C. § 1132(e)(2)) because Plaintiff, the sole beneficiary to a death benefit under the Sonder USA, Inc. group AD&D plan, resides in this district; and the claims of Plaintiff and the class members arise out of Lincoln National Plans that Defendant issued, administered, and/or implemented within this District.

*The Parties*

9. John Bunce is an individual residing in the State of Illinois. He is the duly named beneficiary of an AD&D group insurance policy issued to Maggie Bunce, deceased.

10. Lincoln National is a corporation organized under Indiana law. It is responsible for drafting, issuing, and administering group policies of life and AD&D insurance referenced herein. It was doing business throughout the United States and within the Northern District of Illinois at all relevant times hereto.

*California State Insurance Law*

11. California Insurance Code INS § 10369.1 provides in relevant part that:

> [n]o disability policy delivered or issued for delivery to any person in this State shall contain provisions respecting the matters set forth in Sections 10369.2 to 10369.12, inclusive, unless such provisions are in the words in which the same appear in such sections; provided however, that the insurer may, at its option, use in lieu of any such provision a corresponding provision of different working approved by the commissioner, which is <u>not less favorable</u> in any respect to the insured or the beneficiary.

(emphasis added).

12. California Insurance Code INS § 10369.12, which governs intoxication exclusions in life and AD&D policies, is one of the eleven standard provisions that must be directly inserted into insurance policies delivered in California unless the insurer gets approval from California's insurance commissioner to use alternate, though not less favorable, wording.

13. California Insurance Code INS § 10369.12 provides:

> Intoxicants and controlled substances: The insurer shall not be liable for any loss sustained or contracted <u>in consequence of</u> the insured's being intoxicated or under the influence of any controlled substance unless administered on the advice of a physician.

(emphasis added.).

14. Both California courts and federal courts applying the language of California Insurance Code INS § 10369.12 have interpreted the "in consequence of" term to require the insured's intoxication to be the "efficient proximate cause" of the loss in order for the loss to be excluded. See, *e.g., Ciberay v. L-3 Communications Corp. Master Life and Accidental Death and Dismemberment Ins. Plans, et. al.*, 2013

4

WL 2481539, *11 (S.D. Cal. June 10, 2013); *Garvey v. State Farm Fire & Casualty Co.*, 48 Cal.3d 395, 257 Cal.Rptr. 292, 770 P.2d 704 (1989).

15. The California Supreme Court has held that the "efficient proximate cause" is the cause "that sets the others in motion" and is the "cause to which the loss is to be attributed, though the other causes may follow it, and operate more immediately in producing the disaster." *Sabella v. Wisler*, 59 Cal.2d 21, 31–32, 27 Cal.Rptr. 689, 377 P.2d 889 (1963).

16. If an insurance policy subject to California state law contains an intoxication and controlled substance exclusion that that is less favorable than California Insurance Code INS § 10369.12, the statutory language shall be substituted in the place of the policy's exclusion. *Olson v. American Bankers Ins. Co.*, 30 Cal.App.4th 816, 828, 35 Cal.Rptr.2d 897 (1994)).

*Lincoln National's Improper Denial
of John Bunce's Claim for AD&D Benefits*

17. John Bunce is the father of Maggie Bunce, deceased.

18. Immediately prior to her death, Maggie Bunce was an employee of Sonder USA, Inc., a short-term rental management company headquartered in San Francisco, California.

19. As a benefit of her employment, Maggie Bunce was eligible for and enrolled to receive AD&D insurance from Lincoln National in the amount of $60,000 of basic coverage.

20. At all times relevant hereto, the Sonder USA, Inc. group AD&D plan constituted an employee welfare benefit plan as defined by ERISA § 3(1) (29 U.S.C. §

5

1002(1)); and Maggie Bunce had coverage under the Policy as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

21. John Bunce was named 100% beneficiary of Maggie Bunce's AD&D plan.

22. The Sonder USA, Inc. group AD&D plan states that its "Governing Jurisdiction is California and [it is] subject to the laws of that State."

23. The Sonder USA, Inc. group AD&D plan provides that "Accidental Death and Dismemberment benefits are payable when a Covered Person suffers a loss [death] solely as the result of accidental Injury that occurs while covered." (Sonder USA Plan, Ex. A, p. 26).

24. The Sonder USA, Inc. group AD&D plan defines an Injury as "bodily impairment resulting directly from an accident and independently of all other causes." (Ex. A, p. 14).

25. The Sonder USA, Inc. group AD&D plan contains an intoxication exclusion which states:

> No benefits are payable for any loss that is contributed to or caused by:
>
> . . .
>
> 11. the presence of alcohol in the Covered Person's blood which raises a presumption that the Covered Person was under the influence of alcohol and contributed to the cause of the accident. The blood alcohol level is governed by the jurisdiction of the state in which the accident occurred.

26. Maggie Bunce died on November 14, 2021 at the age of 29 after accidentally falling from a fourth story window at 2065 South Cherokee Street in Denver, Colorado.

6

27. A Colorado State Certificate of Death dated December 20, 2021 lists Maggie Bunce's cause of death as due to multiple blunt force injuries. The manner of death was deemed an accident.

28. An autopsy report of Maggie Brown states that femoral blood from the decedent was tested and was positive for ethanol at a concentration of 275 mg/dL. No evidence of significant natural disease processes were found to be ongoing at death.

29. On or about December 4, 2021, John Bunce completed and submitted to Lincoln National a Beneficiary Statement claim form seeking payment of AD&D benefits.

30. On April 5th, 2022, Lincoln National denied John Bunce's death benefit claim, alleging without evidence that the death was attributable to alcohol intoxication and was therefore excluded under the plan.

31. On August 4, 2022, John Bunce, through counsel, submitted an appeal of Lincoln National's denial of the AD&D benefit claim. Included with his appeal were citations to the California insurance code and additional evidence supporting his claim that Maggie Bunce's intoxication was not efficient proximate cause of her death.

32. The evidence of record overwhelming establishes that Maggie Bunce's death resulted directly from an accidental bodily injury sustained in a fall caused by abrupt opening of the negligently designed window and the failure of a faulty window stop; and it was this abrupt and unforeseen opening of the fourth story window which was the proximate cause of her accidental death.

7

33. Nonetheless, on September 7, 2022, Lincoln National upheld its denial of benefits. Its claim decision again relied solely on the fact that she was intoxicated at the time of her death, without consideration of the statutory language required by California state law.

34. Lincoln National's claim denial demonstrates its pattern and practice of willfully ignoring California state law in order to illegally exclude qualified claims under its group AD&D insurance policies.

35. All of John Bunce's required pre-litigation appeals required under the Sonder USA, Inc. group AD&D plan terms have been exhausted and his claim is ripe for judicial review.

*Class Action Allegations*

36. Lincoln National serves as the claims administrator for other life and AD&D plans that are governed by ERISA and the state law of California that contain policy exclusions which are less favorable than the statutory language of California Insurance Code INS § 10369.12, resulting in a similar improper exclusion of qualified benefit claims as experienced by Plaintiff.

37. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Federal Rules of Civil Procedure Rule 23.

38. Pursuant to Rule 23(b)(1) and (b)(2), Plaintiff seeks certification of the following class:

> All persons who made a claim for benefits under a group life or accidental death and dismemberment insurance plan governed by ERISA and the state law of California, whose claim was denied by Lincoln National, in whole or in part, based on a policy exclusion which

was less favorable than the statutory language of California Insurance Code INS § 10369.12.

39. The class members can be objectively ascertained through the use of information contained in Lincoln National's files because Lincoln National knows who its insureds are, which plans they are insured by, what type of claims they have filed, and how those claims were adjudicated.

40. Plaintiff and the class members reserve the right under Federal Rule of Civil Procedure Rule 23(c)(l)(C) to amend or modify the class to include greater specificity, by further division into subclasses, or by limitation to particular issues.

41. This action has been brought and may be properly maintained as a class action under the provisions of Federal Rules of Civil Procedure Rule 23 because it meets the requirements of Rule 23(a) and Rule 23(b)(1) and (b)(2).

    A.    Numerosity

42. The members of the proposed class as defined are so numerous that joinder of all the members of the proposed class is impracticable. While the precise number of proposed class members has not been determined at this time, Plaintiff is informed and believes that there are a substantial number of individuals covered under Lincoln National plans who have been similarly affected.

    B.    Commonality

43. Common questions of law and fact exist as to all members of the proposed class.

    C.    Typicality

44. The claims of the named Plaintiff are typical of the claims of the

proposed class. Plaintiff and all members of the class are similarly affected by Lincoln National's wrongful conduct.

        D.      Adequacy of Representation

45. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed class. Counsel who represents Plaintiff is competent and experienced in litigating individual ERISA claims made under group insurance plans such as the ones Lincoln National administers.

        E.      Superiority of Class Action

46. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individual joinder of all members of the proposed class is not practicable, and common questions of law and fact exist as to all class members.

47. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

        F.      Rule 23(b) Requirements

48. Inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for Lincoln National and would incentivize Lincoln National to continue its pattern and practice of ignoring California state law.

49. Adjudications with respect to individual class members would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

50. Lincoln National has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief to the class with respect to the class as a whole.

## COUNT I

### DENIAL OF PLAN BENEFITS AND FOR CLARIFICATION OF RIGHTS UNDER AN ERISA PLAN [29 U.S.C. § 1132(a)(1)(B)]

1-50. Plaintiff and the class members repeat and re-allege each and every allegation set forth in Paragraphs 1-50 as if fully set forth herein.

51. This count is brought pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)), which entitles Plaintiff to recover benefits due and to enforce and clarify his rights to the benefits at issue.

52. As the entity responsible for making benefit determinations under Plaintiff's and the class members' plans, and responsible for developing internal practices and policies to facilitate such determinations, Lincoln National is an ERISA fiduciary.

53. As an ERISA fiduciary, and pursuant to 29 U.S.C. § 1104(a), Lincoln National is required to discharge its duties "solely in the interests of the participants and beneficiaries" and for the "exclusive purpose" of providing benefits to participants and their beneficiaries" and paying reasonable expenses of administering the plan. It

11

must do so with reasonable "care, skill, prudence, and diligence" and in accordance with the terms of the plans it administers. It must conform its conduct to a fiduciary duty of loyalty and may not make misrepresentations to its insureds.

54. As alleged herein, Lincoln National has followed a pattern and practice of improperly denying death benefit claims by applying policy exclusions which are incompatible with California state law, denying claims that should have otherwise been paid as a direct result of that action.

55. In doing so, Lincoln National did not act "solely in the interests of the participants and beneficiaries" for the "exclusive purpose" of "providing benefits." It did not utilize the "care, skill, prudence, and diligence" of a "prudent man" acting in a similar capacity. It did not act in accordance with the terms of Plaintiff's and the class members' plans.

56. Instead, Lincoln National elevated its own interests and those of its corporate affiliates above the interests of plan participants and beneficiaries. By promulgating improperly restrictive exclusions, Lincoln National artificially decreased the number and value of covered claims thereby benefiting its corporate affiliates at the expense of insureds.

57. Lincoln National's breach of fiduciary duties is underscored by the fact that it continued to ignore California state law even after being presented with the direct statutory language by John Bunce in his claim appeal.

58. Plaintiff has exhausted his administrative remedies, as alleged above.

59. Based on the foregoing, Plaintiff and the class members seek the

payment full amount of indemnity due, as well as any additional policy benefits for which he is due, all interest that has accrued since the date of his claim, and attorney fees.

## COUNT II

### BREACH OF FIDUCIARY DUTY AND EQUITABLE RELIEF UNDER AN ERISA PLAN [29 U.S.C. § 1132(a)(3)]

1-59. Plaintiff and the class members repeat and re-allege each and every allegation set forth in Paragraphs 1-59 as if fully set forth herein.

60. This count is brought pursuant to ERISA § 502(a)(3)(A) (29 U.S.C. § 1132(a)(3)(A)) only to the extent that the Court finds that the injunctive relief sought to remedy Count I is unavailable pursuant to 29 U.S.C. § 1132(a)(1)(B).

61. Plaintiffs and the class members have been harmed, and are likely to be harmed in the future, by Lincoln National's breaches of fiduciary duty described above.

62. In order to remedy these harms, Plaintiffs and the class members are entitled to enjoin these acts and practices pursuant to 29 U.S.C. § 1132(a)(3)(A).

## COUNT III

### BREACH OF FIDUCIARY DUTY AND EQUITABLE RELIEF UNDER AN ERISA PLAN [29 U.S.C. § 1132(a)(3)]

1-62. Plaintiff and the class members repeat and re-allege each and every allegation set forth in Paragraphs 1-62 as if fully set forth herein.

63. This count is brought pursuant to ERISA § 502(a)(3)(B) (29 U.S.C. § 1132(a)(3)(A)) only to the extent that the Court finds that the equitable relief sought

to remedy Count I is unavailable pursuant to 29 U.S.C. § 1132(a)(1)(B).

64. Plaintiffs and the class members have been harmed, and are likely to be harmed in the future, by Lincoln National's breaches of fiduciary duty described above.

65. Additionally, by engaging in this misconduct, Lincoln National allowed its corporate affiliates to be unjustly enriched insofar as they were not required to pay benefit claims.

66. In order to remedy these harms, Plaintiffs and the class members are entitled to enjoin these acts and practices pursuant to 29 U.S.C. § 1132(a)(3)(B).

## Relief Sought

WHEREFORE, Plaintiff and the class members demand judgment in their favor and against Defendant as follows:

A. Certifying the Class and their claims, as set forth in this Complaint, for class treatment;

B. Appointing the Plaintiff as Class Representative for the Class;

C. Designating the undersigned counsel as counsel for the Class;

D. To remedy Count I, or alternatively pursuant to Count II, declaring that Lincoln National's policy exclusions and internal guidelines complained of herein were developed in violation of its fiduciary duties;

E. To remedy Count I, or alternatively pursuant to Count II, declaring that Lincoln National's denials of claims based on intoxication exclusions that were less favorable than allowed by California state law were improper;

14

F. To remedy Count I, or alternatively pursuant to Count II, ordering Lincoln National to reprocess claims that it previously denied (in whole or in part) pursuant to new policy language and internal guidelines that are consistent with the requirements of California state law;

G. To remedy Count I, or alternatively pursuant to Count II, issuing a permanent injunction ordering Lincoln National to stop issuing group insurance policies that provide less favorable coverage than allowed by California state law and to amend all existing policies and internal guidelines to comply with the requirements of California state law;

H. To remedy Counts I, or alternatively pursuant to Count III, ordering Lincoln National to pay a surcharge to Plaintiffs and class members an amount equivalent to the revenue it generated as a result of its improper exclusions of claims, expenses that Lincoln National's corporate affiliates saved due to its wrongful exclusion of claims, any and all additional make-whole equitable relief, and/or pre-judgment interest;

I. Awarding Plaintiffs' disbursements and expenses for this action, including reasonable counsel fees, in amounts to be determined by the Court, pursuant to 29 U.S.C. § 1132(g); and

J. Granting such other and further relief as is just and proper.

[SIGNATURE ON FOLLOWING PAGE]

Dated: October 18, 2022　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　/s/ *William Reynolds*
　　　　　　　　　　　　　　　　Attorney for Plaintiffs

　　　　　　　　　　　　　　　　WILLIAM T. REYNOLDS
　　　　　　　　　　　　　　　　**The Law Offices of Chicago-Kent**
　　　　　　　　　　　　　　　　　　**College of Law**
　　　　　　　　　　　　　　　　565 West Adams Street, Suite 600
　　　　　　　　　　　　　　　　Chicago, IL 60661
　　　　　　　　　　　　　　　　(312) 906-5038
　　　　　　　　　　　　　　　　wreynold@kentlaw.iit.edu