**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN BUNCE, ON BEHALF OF HIMSELF AND ALL OTHER SIMILARLY SITUATED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:22-cv-05702 Judge John Robert Blakey |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

**<u>ANSWER</u>**

The Lincoln National Life Insurance Company ("Lincoln") responds to Plaintiff's Complaint as follows:

***Introduction***

1.     Defendant Lincoln National Life Insurance Company ("Lincoln National") is in the business of insuring and/or administering group life and accidental death and dismemberment ("AD&D") insurance policies within the meaning of 29 U.S.C. § 2560.503-1(m) (both fully insured and self-insured), that are employer-sponsored and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq.* ("Lincoln National Plan(s)").

**Answer:     Defendant admits that it issues group life and AD&D policies to employer-sponsored plans governed by ERISA.  Defendant denies the remaining allegations of paragraph 1.**

2.     Plaintiff brings this action to address Lincoln National's practice of improperly excluding claims made by participants (or beneficiaries of participants) under Lincoln National plans issued from California or otherwise subject to California law. As set forth below, Lincoln National Plans regularly contain claim exclusions which fail to conform with California state

insurance law, and Lincoln National consistently and illegally denies otherwise valid benefit claims under those non-conforming claim exclusions.

**Answer:** **Defendant admits that Plaintiff purports to allege claims related to California law. Defendant denies the remaining allegations of paragraph 2. Defendant also denies that Plaintiff has any viable claims and that policies issued, which are subject to California state law, by Defendant fail to conform to California law.**

3. Lincoln National's pattern and practice of behavior described herein, including its failure to follow California state law and its resulting denial of otherwise valid life and AD&D benefit claims, constitutes a breach of its fiduciary duties owed under ERISA.

**Answer:** **Defendant denies the allegations of paragraph 3.**

4. In order to remedy Lincoln National's breach of fiduciary duty and other ERISA violations, Plaintiffs bring class claims against Lincoln National under ERISA §§ 502(a)(1)(B), 502(a)(3)(A), and 502(a)(3)(B) (29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3)(A) and 1132(a)(3)(B)). Through this action, Plaintiffs seek appropriate equitable and injunctive relief under ERISA to compel Lincoln National to change its policies and practices so as to comply with its fiduciary obligations and to administer its plans in a manner consistent with California state law.

**Answer:** **Defendant admits that Plaintiff purports to allege ERISA claims and remedies under ERISA. Defendant denies the remaining allegations of paragraph 4. Defendant also denies that Plaintiff has any viable claims or that he is entitled to any remedy or relief.**

### *Jurisdiction and Venue*

5. Jurisdiction of this Court is based upon ERISA §§ 502(e) and (f) (29 U.S.C. §§ 1132(e) and (f)). Those provisions give the district court jurisdiction to hear civil actions brought

to recover benefits due under the terms of employee welfare benefit plans; which, in this case, involves policy number SA3-890-LF0124-01, issued, administered, and underwritten by Lincoln National to Sonder USA, Inc for the benefit of its employees and all other Lincoln National Plans subject to California state law.

**Answer:** **Defendant admits the Court has jurisdiction over Plaintiff's individual claims only but denies Plaintiff has any viable claims or that he is entitled to any remedy or relief. Defendant denies the Court has personal jurisdiction over out-of-state putative class members.**

6.      This action may additionally be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

**Answer:** **Defendant admits the Court has jurisdiction over Plaintiff's individual claims only but denies Plaintiff has any viable claims or that he is entitled to any remedy or relief. Defendant denies the Court has personal jurisdiction over out-of-state putative class members.**

7.      The ERISA statute provides, at ERISA § 503 (29 U.S.C. § 1133), a mechanism for administrative or internal appeals of benefit denials and terminations. Those avenues of appeal have been exhausted by Plaintiff.

**Answer:** **Defendant admits that ERISA requires exhaustion of administrative remedies and that Plaintiff appealed the denial of the claim for benefits. Defendant denies the remaining allegations of paragraph 7.**

8.      Venue is proper in the Northern District of Illinois pursuant to ERISA § 502(e)(2), (29 U.S.C. § 1132(e)(2)) because Plaintiff, the sole beneficiary to a death benefit under the Sonder

USA, Inc. group AD&D plan, resides in this district; and the claims of Plaintiff and the class members arise out of Lincoln National Plans that Defendant issued, administered, and/or implemented within this District.

**Answer:** **Defendant admits that venue is appropriate with this Court. Defendant denies the remaining allegations of paragraph 8.**

### *The Parties*

9.     John Bunce is an individual residing in the State of Illinois. He is the duly named beneficiary of an AD&D group insurance policy issued to Maggie Bunce, deceased.

**Answer:** **Defendant admits that John Bunce is the beneficiary designated by Maggie Bunce with respect to the Lincoln National group AD&D policy issued to fund benefits under her employer's benefit plan (the "Group Policy"), and further admits, on information and belief, that Mr. Bunce resides in Illinois. Defendant denies the remaining allegations of paragraph 9.**

10.     Lincoln National is a corporation organized under Indiana law. It is responsible for drafting, issuing, and administering group policies of life and AD&D insurance referenced herein. It was doing business throughout the United States and within the Northern District of Illinois at all relevant times hereto.

**Answer:** **Defendant admits the allegations of paragraph 10.**

### *California State Insurance Law*

11.     California Insurance Code INS § 10369.1 provides in relevant part that:

[n]o disability policy delivered or issued for delivery to any person in this State shall contain provisions respecting the matters set forth in Sections 10369.2 to 10369.12, inclusive, unless such provisions are in the words in which the same appear in such sections; provided however, that the insurer may, at its option, use in lieu of any such provision a corresponding provision of different working

approved by the commissioner, which is <u>not less favorable</u> in any respect to the insured or the beneficiary.

(emphasis added).

**Answer:**    **Defendant admits that the California state insurance laws are set forth in writing and provide the best evidence of their contents. Defendant denies the allegations of paragraph 11 to the extent they are incomplete or inconsistent with the written California state insurance laws.**

12.    California Insurance Code INS § 10369.12, which governs intoxication exclusions in life and AD&D policies, is one of the eleven standard provisions that must be directly inserted into insurance policies delivered in California unless the insurer gets approval from California's insurance commissioner to use alternate, though not less favorable, wording.

**Answer:**    **The allegations of paragraph 12 state a legal conclusion to which no response is required. Therefore, the allegations are denied.**

13.    California Insurance Code INS § 10369.12 provides:

Intoxicants and controlled substances: The insurer shall not be liable for any loss sustained or contracted <u>in consequence of</u> the insured's being intoxicated or under the influence of any controlled substance unless administered on the advice of a physician.

(emphasis added.).

**Answer:**    **Defendant admits that the California state insurance laws are set forth in writing and provide the best evidence of their contents. Defendant denies the allegations of paragraph 13 to the extent they are incomplete or inconsistent with the written California state insurance laws.**

14.    Both California courts and federal courts applying the language of California Insurance Code INS § 10369.12 have interpreted the "in consequence of" term to require the

insured's intoxication to be the "efficient proximate cause" of the loss in order for the loss to be excluded. See, *e.g., Ciberay v. L-3 Communications Corp. Master Life and Accidental Death and Dismemberment Ins. Plans, et. al.,* 2013 WL 2481539, *11 (S.D. Cal. June 10, 2013); *Garvey v. State Farm Fire & Casualty Co.,* 48 Cal.3d 395, 257 Cal.Rptr. 292, 770 P.2d 704 (1989).

**Answer:** **The allegations of paragraph 14 state a legal conclusion to which no response is required. Therefore, the allegations are denied.**

15.     The California Supreme Court has held that the "efficient proximate cause" is the cause "that sets the others in motion" and is the "cause to which the loss is to be attributed, though the other causes may follow it, and operate more immediately in producing the disaster." *Sabella v. Wisler*, 59 Cal.2d 21, 31–32, 27 Cal.Rptr. 689, 377 P.2d 889 (1963).

**Answer:** **The allegations of paragraph 15 state a legal conclusion to which no response is required. Therefore, the allegations are denied.**

16.     If an insurance policy subject to California state law contains an intoxication and controlled substance exclusion that that is less favorable than California Insurance Code INS § 10369.12, the statutory language shall be substituted in the place of the policy's exclusion. *Olson v. American Bankers Ins. Co.,* 30 Cal.App.4th 816, 828, 35 Cal.Rptr.2d 897 (1994)).

**Answer:** **The allegations of paragraph 16 state a legal conclusion to which no response is required. Therefore, the allegations are denied.**

### *Lincoln National's Improper Denial of John Bunce's Claim for AD&D Benefits*

17.     John Bunce is the father of Maggie Bunce, deceased.

**Answer:** **Defendant admits the allegations of paragraph 17.**

18.     Immediately prior to her death, Maggie Bunce was an employee of Sonder USA, Inc., a short-term rental management company headquartered in San Francisco, California.

6

**Answer:** **Defendant admits the allegations of paragraph 18.**

19.     As a benefit of her employment, Maggie Bunce was eligible for and enrolled to receive AD&D insurance from Lincoln National in the amount of $60,000 of basic coverage.

**Answer:** **Defendant admits that Maggie Bunce was covered by the Group Policy at the coverage amount of $59,000. Defendant denies the remaining allegations of paragraph 19.**

20.     At all times relevant hereto, the Sonder USA, Inc. group AD&D plan constituted an employee welfare benefit plan as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)); and Maggie Bunce had coverage under the Policy as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

**Answer:** **Defendant admits the allegations of paragraph 20.**

21.     John Bunce was named 100% beneficiary of Maggie Bunce's AD&D plan.

**Answer:** **Defendant admits the allegations of paragraph 21.**

**22.**     The Sonder USA, Inc. group AD&D plan states that its "Governing Jurisdiction is California and [it is] subject to the laws of that State."

**Answer:** **Defendant admits the Group Policy is set forth in writing and provides the best evidence of its contents. Defendant denies the allegations of paragraph 22 to the extent they are incomplete or inconsistent with the written Group Policy.**

23.     The Sonder USA, Inc. group AD&D plan provides that "Accidental Death and Dismemberment benefits are payable when a Covered Person suffers a loss [death] solely as the result of accidental Injury that occurs while covered." (Sonder USA Plan, Ex. A, p. 26).

**Answer:** **Defendant admits the Group Policy is set forth in writing and provides the best evidence of its contents. Defendant denies the allegations of paragraph 23 to the extent they are incomplete or inconsistent with the written Group Policy.**

24.     The Sonder USA, Inc. group AD&D plan defines an Injury as "bodily impairment resulting directly from an accident and independently of all other causes." (Ex. A, p. 14).

**Answer:** **Defendant admits the Group Policy is set forth in writing and provides the best evidence of its contents. Defendant denies the allegations of paragraph 24 to the extent they are incomplete or inconsistent with the written Group Policy.**

25.     The Sonder USA, Inc. group AD&D plan contains an intoxication exclusion which states:

No benefits are payable for any loss that is contributed to or caused by:

. . .

11.     the presence of alcohol in the Covered Person's blood which raises a presumption that the Covered Person was under the influence of alcohol and contributed to the cause of the accident. The blood alcohol level is governed by the jurisdiction of the state in which the accident occurred.

**Answer:** **Defendant admits the Group Policy is set forth in writing and provides the best evidence of its contents. Defendant denies the allegations of paragraph 25 to the extent they are incomplete or inconsistent with the written Group Policy.**

26.     Maggie Bunce died on November 14, 2021 at the age of 29 after accidentally falling from a fourth story window at 2065 South Cherokee Street in Denver, Colorado.

**Answer: Defendant admits that Maggie Bunce died on November 14, 2021 at or about 2065 South Cherokee Street, Denver, Colorado. Defendant denies the remaining allegations of paragraph 26 and specifically denies that Maggie Bunce's death was covered by the Group Policy.**

8

27. A Colorado State Certificate of Death dated December 20, 2021 lists Maggie Bunce's cause of death as due to multiple blunt force injuries. The manner of death was deemed an accident.

**Answer:** **Defendant admits the Certificate of Death is set forth in writing in the claim file and provides the best evidence of its contents. Defendant denies the allegations of paragraph 27 to the extent they are incomplete or inconsistent with the written Certificate of Death.**

28. An autopsy report of Maggie Brown states that femoral blood from the decedent was tested and was positive for ethanol at a concentration of 275 mg/dL. No evidence of significant natural disease processes were found to be ongoing at death.

**Answer:** **Defendant admits the autopsy report is set forth in writing and provides the best evidence of its contents. Defendant denies the allegations of paragraph 28 to the extent they are incomplete or inconsistent with the written autopsy report.**

29. On or about December 4, 2021, John Bunce completed and submitted to Lincoln National a Beneficiary Statement claim form seeking payment of AD&D benefits.

**Answer:** **Defendant admits the allegations of paragraph 29.**

30. On April 5th, 2022, Lincoln National denied John Bunce's death benefit claim, alleging without evidence that the death was attributable to alcohol intoxication and was therefore excluded under the plan.

**Answer:** **Defendant admits Plaintiff's claim for AD&D benefits was denied and that the denial was communicated in a letter to Plaintiff dated April 5, 2022. Defendant further admits the letter is set forth in writing in the claim file and provides the best evidence of its contents. Defendant denies the remaining allegations of paragraph 30.**

31.     On August 4, 2022, John Bunce, through counsel, submitted an appeal of Lincoln National's denial of the AD&D benefit claim. Included with his appeal were citations to the California insurance code and additional evidence supporting his claim that Maggie Bunce's intoxication was not efficient proximate cause of her death.

**Answer:     Defendant admits that Plaintiff appealed the denial of AD&D benefits by letter dated August 4, 2022 and that the letter and other documents submitted with the appeal are set forth in the claim file and provide the best evidence of their contents. Defendant denies the remaining allegations of paragraph 31.**

32.     The evidence of record overwhelming establishes that Maggie Bunce's death resulted directly from an accidental bodily injury sustained in a fall caused by abrupt opening of the negligently designed window and the failure of a faulty window stop; and it was this abrupt and unforeseen opening of the fourth story window which was the proximate cause of her accidental death.

**Answer:     Defendant denies the allegations of paragraph 32.**

33.     Nonetheless, on September 7, 2022, Lincoln National upheld its denial of benefits. Its claim decision again relied solely on the fact that she was intoxicated at the time of her death, without consideration of the statutory language required by California state law.

**Answer:     Defendant admits Plaintiff's appeal was denied and that the denial was communicated in a letter to Plaintiff dated September 7, 2022. Defendant further admits the letter is set forth in writing in the claim file and provides the best evidence of its contents. Defendant denies the remaining allegations of paragraph 33.**

34. Lincoln National's claim denial demonstrates its pattern and practice of willfully ignoring California state law in order to illegally exclude qualified claims under its group AD&D insurance policies.

**Answer:** **Defendant denies the allegations of paragraph 34.**

35. All of John Bunce's required pre-litigation appeals required under the Sonder USA, Inc. group AD&D plan terms have been exhausted and his claim is ripe for judicial review.

**Answers:** **The allegations of paragraph 35 state a legal conclusion to which no response is required. Therefore, the allegations are denied.**

### *Class Action Allegations*

36. Lincoln National serves as the claims administrator for other life and AD&D plans that are governed by ERISA and the state law of California that contain policy exclusions which are less favorable than the statutory language of California Insurance Code INS § 10369.12, resulting in a similar improper exclusion of qualified benefit claims as experienced by Plaintiff.

**Answer:** **Defendant admits that it is the claims administrator for other ERISA-governed life and AD&D plans that may be subject to California insurance laws. Defendant denies the remaining allegations of paragraph 36 and specifically denies that the group policies, which are subject to California law, violate California law.**

37. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Federal Rules of Civil Procedure Rule 23.

**Answer:** **Defendant admits that Plaintiff purports to bring claims on behalf of himself and others. Defendant denies that Plaintiff's request for class certification is appropriate and further denies the remaining allegations of paragraph 37.**

38.     Pursuant to Rule 23(b)(1) and (b)(2), Plaintiff seeks certification of the following

class:

> All persons who made a claim for benefits under a group life or accidental death
> and dismemberment insurance plan governed by ERISA and the state law of
> California, whose claim was denied by Lincoln National, in whole or in part, based
> on a policy exclusion which was less favorable than the statutory language of
> California Insurance Code INS § 10369.12**.**

**Answer:        Defendant admits that Plaintiff purports to bring claims on behalf of
himself and others. Defendant denies that Plaintiff's request for class certification is
appropriate and further denies the remaining allegations of paragraph 38.**

39.     The class members can be objectively ascertained through the use of information

contained in Lincoln National's files because Lincoln National knows who its insureds are, which

plans they are insured by, what type of claims they have filed, and how those claims were

adjudicated.

**Answer: Defendant denies the allegations of paragraph 39.**

40.     Plaintiff and the class members reserve the right under Federal Rule of Civil

Procedure Rule 23(c)(l)(C) to amend or modify the class to include greater specificity, by further

division into subclasses, or by limitation to particular issues.

**Answer:        Defendant admits that Plaintiff purports to reserve the right to amend
or modify the alleged class. Defendant denies that Plaintiff's request for class certification or
any proposed amendment or modification to the proposed class is appropriate and further
denies the remaining allegations of paragraph 40.**

41.     This action has been brought and may be properly maintained as a class action

under the provisions of Federal Rules of Civil Procedure Rule 23 because it meets the requirements

of Rule 23(a) and Rule 23(b)(1) and (b)(2).

**Answer:** **Defendant denies the allegations of paragraph 41.**

### A. Numerosity

42. The members of the proposed class as defined are so numerous that joinder of all the members of the proposed class is impracticable. While the precise number of proposed class members has not been determined at this time, Plaintiff is informed and believes that there are a substantial number of individuals covered under Lincoln National plans who have been similarly affected.

**Answer:** **Defendant denies the allegations of paragraph 42.**

### B. Commonality

43. Common questions of law and fact exist as to all members of the proposed class.

**Answer:** **Defendant denies the allegations of paragraph 43.**

### C. Typicality

44. The claims of the named Plaintiff are typical of the claims of the proposed class. Plaintiff and all members of the class are similarly affected by Lincoln National's wrongful conduct.

**Answer:** **Defendant denies the allegations of paragraph 44.**

### D. Adequacy of Representation

45. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed class. Counsel who represents Plaintiff is competent and experienced in litigating individual ERISA claims made under group insurance plans such as the ones Lincoln National administers.

**Answer:** **Defendant admits that Plaintiff's counsel has experience litigating individual ERISA claims. Defendant denies the remaining allegations of paragraph 45.**

### E.     Superiority of Class Action

46.     A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individual joinder of all members of the proposed class is not practicable, and common questions of law and fact exist as to all class members.

**Answer:       Defendant denies the allegations of paragraph 46.**

47.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**Answer:       Defendant denies the allegations of paragraph 47.**

### F.     Rule 23(b) Requirements

48.     Inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for Lincoln National and would incentivize Lincoln National to continue its pattern and practice of ignoring California state law.

**Answer:       Defendant denies the allegations of paragraph 48.**

49.     Adjudications with respect to individual class members would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

**Answer:       The allegations of paragraph 49 state legal conclusions to which no response is required. Therefore, Defendant denies the allegations of paragraph 49.**

50.     Lincoln National has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief to the class with respect to the class as a whole.

**Answer:** **Defendant denies the allegations of paragraph 50.**

## COUNT I

## DENIAL OF PLAN BENEFITS AND FOR CLARIFICATION OF RIGHTS UNDER AN ERISA PLAN [29 U.S.C. § 1132(a)(1)(B)]

1-50. Plaintiff and the class members repeat and re-allege each and every allegation set forth in Paragraphs 1-50 as if fully set forth herein.

**Answer:** **Defendant incorporates its answers to paragraphs 1-50 as if fully set forth.**

51. This count is brought pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)), which entitles Plaintiff to recover benefits due and to enforce and clarify his rights to the benefits at issue.

**Answer:** **Defendant admits that Plaintiff purports to bring a claim pursuant to ERISA § 502(a)(1)(B). Defendant denies the remaining allegations of paragraph 51. Defendant also denies that Plaintiff has any viable claims or that he is entitled to any remedy or relief.**

52. As the entity responsible for making benefit determinations under Plaintiff's and the class members' plans, and responsible for developing internal practices and policies to facilitate such determinations, Lincoln National is an ERISA fiduciary.

**Answer:** **The allegations of paragraph 52 state legal conclusions to which no response is required. Therefore, Defendant denies the allegations of paragraph 52.**

53. As an ERISA fiduciary, and pursuant to 29 U.S.C. § 1104(a), Lincoln National is required to discharge its duties "solely in the interests of the participants and beneficiaries" and for the "exclusive purpose" of providing benefits to participants and their beneficiaries" and paying reasonable expenses of administering the plan. It must do so with reasonable "care, skill, prudence,

and diligence" and in accordance with the terms of the plans it administers. It must conform its conduct to a fiduciary duty of loyalty and may not make misrepresentations to its insureds.

**Answer:** **The allegations of paragraph 53 state legal conclusions to which no response is required. Therefore, Defendant denies the allegations of paragraph 53.**

54.     As alleged herein, Lincoln National has followed a pattern and practice of improperly denying death benefit claims by applying policy exclusions which are incompatible with California state law, denying claims that should have otherwise been paid as a direct result of that action.

**Answer:** **Defendant denies the allegations of paragraph 54.**

55.     In doing so, Lincoln National did not act "solely in the interests of the participants and beneficiaries" for the "exclusive purpose" of "providing benefits." It did not utilize the "care, skill, prudence, and diligence" of a "prudent man" acting in a similar capacity. It did not act in accordance with the terms of Plaintiff's and the class members' plans.

**Answer:** **Defendant denies the allegations of paragraph 55.**

56.     Instead, Lincoln National elevated its own interests and those of its corporate affiliates above the interests of plan participants and beneficiaries. By promulgating improperly restrictive exclusions, Lincoln National artificially decreased the number and value of covered claims thereby benefiting its corporate affiliates at the expense of insureds.

**Answer:** **Defendant denies the allegations of paragraph 56.**

57.     Lincoln National's breach of fiduciary duties is underscored by the fact that it continued to ignore California state law even after being presented with the direct statutory language by John Bunce in his claim appeal.

**Answer:** **Defendant denies the allegations of paragraph 57.**

58.     Plaintiff has exhausted his administrative remedies, as alleged above.

**Answer:     Defendant admits that Plaintiff appealed the denial of the claim for benefits. Defendant denies the remaining allegations of paragraph 58.**

59.     Based on the foregoing, Plaintiff and the class members seek the payment full amount of indemnity due, as well as any additional policy benefits for which he is due, all interest that has accrued since the date of his claim, and attorney fees.

**Answer:     Defendant admits that Plaintiff purports to seek various remedies. Defendant denies the remaining allegations of paragraph 59. Defendant also denies that Plaintiff has any viable claims or that he is entitled to any remedy or relief.**

## COUNT II

### BREACH OF FIDUCIARY DUTY AND EQUITABLE RELIEF UNDER AN ERISA PLAN [29 U.S.C. § 1132(a)(3)1

1-59.     Plaintiff and the class members repeat and re-allege each and every allegation set forth in Paragraphs 1-59 as if fully set forth herein.

**Answer:     Defendant incorporates its answers to paragraphs 1-59 as if fully set forth.**

60.     This count is brought pursuant to ERISA § 502(a)(3)(A) (29 U.S.C. § 1132(a)(3)(A)) only to the extent that the Court finds that the injunctive relief sought to remedy Count I is unavailable pursuant to 29 U.S.C. § 1132(a)(1)(B).

60.     **Defendant admits that Plaintiff purports to bring a claim pursuant to ERISA § 502(a)(3). Defendant denies the remaining allegations of paragraph 60. Defendant also denies that Plaintiff has any viable claims or that he is entitled to any remedy or relief.**

61.     Plaintiffs and the class members have been harmed, and are likely to be harmed in the future, by Lincoln National's breaches of fiduciary duty described above.

17

**Answer:**    **Defendant denies the allegations of paragraph 61.**

62.    In order to remedy these harms, Plaintiffs and the class members are entitled to enjoin these acts and practices pursuant to 29 U.S.C. § 1132(a)(3)(A).

**Answer:**    **Defendant denies the allegations of paragraph 62.**

## COUNT III

### BREACH OF FIDUCIARY DUTY AND EQUITABLE RELIEF UNDER AN ERISA PLAN [29 U.S.C. § 1132(a)(3)]

1-62. Plaintiff and the class members repeat and re-allege each and every allegation set forth in Paragraphs 1-62 as if fully set forth herein.

**Answer:**    **Defendant incorporates its answers to paragraphs 1-62 as if fully set forth.**

63.    This count is brought pursuant to ERISA § 502(a)(3)(B) (29 U.S.C. § 1132(a)(3)(A)) only to the extent that the Court finds that the equitable relief sought to remedy Count I is unavailable pursuant to 29 U.S.C. § 1132(a)(1)(B).

**Defendant admits that Plaintiff purports to bring a claim pursuant to ERISA § 502(a)(3)(B). Defendant denies the remaining allegations of paragraph 63. Defendant also denies that Plaintiff has any viable claims or that he is entitled to any remedy or relief.**

64.    Plaintiffs and the class members have been harmed, and are likely to be harmed in the future, by Lincoln National's breaches of fiduciary duty described above.

**Answer:**    **Defendant denies the allegations of paragraph 64.**

65.    Additionally, by engaging in this misconduct, Lincoln National allowed its corporate affiliates to be unjustly enriched insofar as they were not required to pay benefit claims.

**Answer:**    **Defendant denies the allegations of paragraph 65.**

66.     In order to remedy these harms, Plaintiffs and the class members are entitled to enjoin these acts and practices pursuant to 29 U.S.C. § 1132(a)(3)(B).

**Answer:**        **Defendant denies the allegations of paragraph 66.**

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendant asserts the following Defenses to Plaintiff's Complaint:

1.     Any allegation not specifically admitted previously in this Answer is now denied.

2.     The Complaint fails to state a claim upon which relief may be granted.

3.     Plaintiff's claims are barred by the relevant statutes of limitations and repose, Group Policy limitations periods, and the doctrines of laches.

4.     Plaintiff's claims are barred to the extent there was a failure to exhaust administrative remedies.

5.     The denial of Plaintiff's claims for benefits was correct and otherwise in accordance with the terms of the Group Policy.

6.     Plaintiff's claims were subject to all terms and conditions of the Group Policy, including the exclusions and/or limitations for the presence of alcohol in the person's blood which raises a presumption that the person was under the influence of alcohol and contributed to the cause of the accident.

7.     Plaintiff's claims are barred to the extent they seek relief or remedies not available under Section 502(a)(1)(B) of ERISA.

8.     Plaintiffs' claims and remedies should be limited to those allowed under Section 502(a)(1)(B) of ERISA and further claims and remedies should be dismissed.

9.     Defendant asserts each and every provision of the Group Policy that is or may be construed as an affirmative defense.

10.     Plaintiff's claim under Section 502(a)(3) fails to state a claim upon which relief can be granted and is an improper repackaged and duplicative claim for benefits.

11.     Plaintiff and the members of purported class did not suffer any harm, damages, or prejudice as a result of the alleged actions and claims in the Complaint.

12.     Plaintiff lacks standing on behalf of the members of the purported class, to assert claims against Defendant.

13.     Claims by Plaintiff and members of the purported class, the existence of which is expressly denied, are not sufficiently common to sustain a class action under Federal Rule of Civil Procedure 23.

14.     If certified, this matter would be unmanageable as a class action.

15.     For all claims in the Complaint, individual issues predominate over common issues, if any, for the alleged class, the existence of which is expressly denied.

16.     The claims of the individuals included in the purported class, the existence of which is expressly denied, are subject to individualized defenses, and class treatment would violate Defendant's rights to due process.

17.     Pursuant to *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S.Ct. 1773 (2017) the Court does not have personal jurisdiction over out-of-state putative class members.

18.     Plaintiff and putative class members do not have standing as they have not suffered a sufficient "injury in fact" pursuant to Article III of the United States Constitution.

19.     The claims of putative class members are barred and should be dismissed to the extent they are subject to arbitration agreements that prohibit class action claims.

20.     To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant's responses may refer to such materials for a full and accurate

statement of its contents; however, Defendant's references are not intended to be, and should not be construed as, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff or (b) are relevant to this, or any other, action.

21.     Defendant presently has insufficient knowledge or information to form a belief as to whether there are additional defenses or affirmative defenses than those stated above, and have not knowingly or intentionally waived any applicable defenses or affirmative defenses. Defendant explicitly reserves the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserve the right to amend their Answer to assert any such defense.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief requested, or any other relief, and prays that Plaintiff take nothing by his Complaint, for reimbursement of its reasonable attorneys' fees and costs, and for all other just and proper relief.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: *s/ Eric P. Mathisen*
Eric P. Mathisen, IN Bar # 19475-71
56 S. Washington St., Suite 302
Valparaiso, IN 46383
Phone: (219) 242-8666
Fax: (219) 242-8669
Eric.mathisen@ogletree.com

Byrne J. Decker
Two Monument Square, Suite 703
Portland, ME 04101
Phone: (207) 387-2963
Fax: (207) 387-2986
Byrne.decker@ogletree.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *ANSWER* was filed electronically on December 15, 2022, and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

William T. Reynolds
wreynold@kentlaw.iit.edu

I further certify that service was made on the following non-registered ECF counsel/parties of record by placing copies of the foregoing *ANSWER* in envelopes properly addressed to them and with sufficient first-class postage pre-paid:

NONE

*s/ Eric P. Mathisen*